WILBUR P. GRAHAM, MASON R. COULTER, GROVER D. COULTER, HAROLD H. SHUFORD, CHARLES A. COULTER v. RUFUS N. LOCKHART AND JOHN H. MILES

No. 7825DC940

(Filed 17 July 1979)

Religious Societies and Corporations § 2— congregational church—dismissal of pastor

The trial court properly granted summary judgment for plaintiffs in their action to have defendant enjoined from acting as pastor or member of the church to which they belonged where the record showed that the church was congregational in form and that on two occasions it voted unanimously to remove defendant as pastor.

APPEAL by defendant from *Tate, Judge*. Judgment entered 17 May 1978 in District Court, CATAWBA County. Heard in the Court of Appeals 14 June 1979.

Defendant appeals from a judgment permanently enjoining him from acting as pastor or member of the Maiden Chapel Baptist Church in Maiden, North Carolina. Maiden Chapel Baptist Church is congregational in form without a written constitution or by-laws. Sometime in 1977, friction developed within the church. A church meeting was had at which the defendants contend certain members of the church including some of the plaintiffs were removed from offices they held in the church and were "silenced." On 30 July 1977 at a meeting of the congregation, the defendant Lockhart was removed as pastor by a vote of 49 to 0. This action was commenced on 8 August 1977. On 25 March 1978 at another meeting of the church congregation, the defendant Lockhart was removed as pastor and member by a vote of 51 to 0. On 17 May 1978 the court entered summary judgment in favor of the plaintiffs.

*Smith and Smith, by Young M. Smith, Jr., for plaintiff appellees.*

*J. Bryan Elliott, for defendant appellants.*

WEBB, Judge.

We note at the outset that matters of church doctrine are not involved in this case. The only issue is whether the defendant Lockhart has been properly dismissed as pastor and member by a church which is congregational in form. The defendants advance several reasons as to why summary judgment should not have been entered. They contend first that their affidavits show that it was the custom in the church that the meetings be called by the pastor. The meetings at which the defendant Lockhart was dismissed were not called by the pastor. The defendants contend there was a genuine issue of a material fact as to whether the meetings were properly called. The defendants also contend that the court in effect chose between meetings of the church, that is, it accepted the meetings of 30 July 1977 and 25 March 1978 as representing the action of the congregation and rejected the meeting at which some of the plaintiffs were "silenced." The defendants contend there was a genuine issue of material fact as

to which of these two meetings was the proper meeting of the church congregation. The difficulty with the defendants' arguments is that the Maiden Chapel Baptist Church is congregational in form. The congregation has the right to control the church. *See Atkins v. Walker*, 284 N.C. 306, 200 S.E. 2d 641 (1973). Assuming the custom of the church was that the pastor call church meetings, the congregation had the power to change this rule which it did by calling this meeting. Assuming some of the plaintiffs had been previously "silenced," and the record is not clear that this had happened, the congregation had the power to remove this restriction, which it did by allowing them to vote. We are limited to determining that the majority voted to remove the defendant Lockhart and the record shows that the majority of the congregation so voted.

The defendants contend for the first time in this Court that there is a question of whether the persons who voted at the meetings of 30 July 1977 and 25 March 1978 were proper voting members of the church. They rely on an allegation in the complaint which says the register of the church membership is not on a current basis. No question of persons who were not members of the congregation being allowed to vote was raised at the hearing in district court. The affidavits filed by the plaintiffs showed that the meetings were properly called and properly conducted. The affidavits of defendants did not contradict this assertion except to allege it was the tradition of the church for the pastor to call meetings. On the record before it, the district court properly entered summary judgment for the plaintiffs.

Affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.